UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY SCOTT,

    Petitioner,                                          CASE NO. 2:15-CV-13095
                                                          HONORABLE PAUL D. BORMAN
v.                                                         UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING THE MOTION TO SHOW CAUSE, (3) AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Ricky Scott, ("petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for kidnapping, Mich. Comp. Laws § 750.349; four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(C); and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Respondent filed a motion to dismiss on exhaustion grounds.  For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Petitioner was found guilty following a jury trial in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Scott,* No. 305972, 2013 WL 4609104 (Mich.Ct.App. Aug. 29, 2013); *lv. den.* 495 Mich. 977, 843 N.W. 2d 756 (2014), *reconsideration den.* 497 Mich. 907, 856 N.W. 2d 33 (2014).

1

On April 17, 2014, while petitioner's application for leave to appeal was still pending in the Michigan Supreme Court, petitioner filed a post-conviction motion for relief from judgment with the trial court, which respondent claims was denied on March 3, 2015. There is no indication that petitioner appealed the denial of his post-conviction motion to the Michigan appellate courts.

On August 24, 2015, petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the following grounds:

> I. The transcripts are filled with inaccuracies, preventing defendant from properly raising claims on appeal.
>
> II. Trial counsel failed to investigate important matters that would have undermined the complainant's credibility.
>
> III. The prosecutor argued facts not in evidence, vouched for the credibility for the complainant's credibility, failed to correct false testimony, and elicited prejudicial prior acts evidence.

Respondent filed a motion to dismiss, contending that several of petitioner's claims have yet to be exhausted with the state courts.

**II. DISCUSSION**

The instant petition is subject to dismissal because it contains several claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 24, 2015, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982). A habeas petitioner has the burden of proving that he exhausted his state court remedies. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Respondent contends that several of petitioner's claims have not been properly exhausted with the state courts.

In his first claim, petitioner contends that the preliminary examination and trial and sentencing transcripts are filled with inaccuracies. On petitioner's appeal of right, petitioner presented a claim in his *pro per* Standard 4 supplemental brief [2] that the prosecutor had altered portions of the preliminary examination transcript but mentioned nothing about inaccuracies in the trial or sentencing transcripts. In a portion of his third claim, petitioner contends that the prosecutor committed misconduct by improperly vouching for the victim's credibility when the prosecutor told the jury that the victim "first started having sexual intercourse about a month

---

[2] See this Court's Dkt. # 11-11. Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry*, 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

before the alleged incident in this case" and that this "bolster[ed] the witness's credibility by implying that the prosecutor had special knowledge of this case" and was meant to "invoke sympathy." In his Standard 4 brief on appeal before the Michigan Court of Appeals, petitioner merely argued that the prosecutor improperly vouched for the victim by calling her a "nice church girl." As part of his third claim, petitioner argues that the prosecutor committed misconduct by presenting perjured testimony from laboratory technician Dorothy Catella. In his Standard 4 brief before the Michigan Court of Appeals, petitioner argued that the prosecutor presented perjured testimony from the victim about how she got into petitioner's vehicle and whether it was locked or unlocked. Finally, petitioner argues that the prosecutor committed misconduct by improperly eliciting "prior bad acts" testimony from a police officer. This claim was never presented to the Michigan Court of Appeals.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). Petitioner did not present the identical factual or legal basis of these prosecutorial misconduct subclaims to the Michigan Court of Appeals on his direct appeal, thus, he did not fairly present these four prosecutorial misconduct subclaims to that court. *See Wagner,* 581 F.3d at 415-17.

The mere fact that petitioner attempted to raise these claims in his application for leave to appeal to the Michigan Supreme Court would be insufficient for exhaustion purposes. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these four prosecutorial misconduct subclaims on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006).

The Court is aware that petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court. It is unclear whether the Wayne County Circuit Court has denied petitioner's motion for relief from judgment or not. Respondent claims that the judge denied petitioner's post-conviction motion on March 3, 2015, but petitioner filed a motion to show cause with his petition, in which he asks this Court to order the Wayne County Circuit Court to adjudicate the issues that petitioner raised in his post-conviction motion. Petitioner thus appears to argue that as of the date of the filing of his petition, the Wayne County Circuit Court had yet to adjudicate his post-conviction motion.

The mere fact that petitioner may have attempted to raise some of his claims in his post-conviction motion for relief from judgment would be insufficient for exhaustion purposes for several reasons.

First, petitioner's post-conviction motion was filed prematurely, because his direct appeal was still pending with the Michigan Supreme Court when he filed this motion with the Wayne

5

County Circuit Court. Under M.C.R. 6.508(D)(1), a Michigan court may not grant relief from judgment if the criminal defendant's motion seeks relief from the judgment of a conviction and sentence that still is subject is to challenge on appeal under M.C.R. 7.200 [the court rules for the Michigan Court of Appeals] or M.C.R. 7.300 [the court rules for the Michigan Supreme Court]. *See People v. McSwain*, 259 Mich. App. 654, 679, 676 N.W. 2d 236 (2003). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F.3d 533, 538 (6th Cir. 2001). Although petitioner previously filed a motion for relief from judgment, that motion was filed prematurely, thus, petitioner may still be able to file a motion for relief from judgment to exhaust these claims. *See e.g. LeBlanc v. Romanowski*, No. 14-CV-13219, 2015 WL 4715951, p. 2 (E.D. Mich. Aug. 7, 2015).

      Secondly, to the extent that petitioner's post-conviction motion remains pending in the state courts it would also be subject to dismissal. A habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See e.g. Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970). Moreover, if and when the trial court rules adversely against petitioner, he would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The mere fact that the Wayne County Circuit Court may not have adjudicated petitioner's claims does not excuse him from the exhaustion requirement. Petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Wayne County Circuit Court to adjudicate his motion. If the Michigan Court of Appeals failed to issue an order

6

of superintending control, petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6). Because petitioner has not sought relief from the Michigan appellate courts to compel the trial court to entertain his post-conviction motion, he is not excused from exhausting his claims in the state courts. *See Washington v. Warden, Ross Correctional Institute,* No. 02-70096, 2003 WL 1867914, p. 3 (E.D. Mich. Mar. 21, 2003)*; See also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995)(state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since July, 1991, where he did not seek intervention from the highest state court to remedy the delay).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's motion for reconsideration of their decision to deny his application for leave to appeal on November 25, 2014. For purposes of the one year statute of limitations for filing habeas corpus actions provided in 28 U.S.C. § 2244(d)(1)(A), a petitioner's "direct review" concludes on the date that the Michigan Supreme Court refuses to reconsider its decision denying leave to appeal. *See McClendon v. Sherman,* 329 F.3d 490, 493 (6th Cir. 2003). However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run

on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on February 23, 2015, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

Petitioner filed the instant petition with this Court on August 24, 2015, after only a little more than six months had elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost six months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to

exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. This Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from August 24, 2015, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section III of the opinion.

The Court dismisses the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate

9

of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable that petitioner had failed to properly exhaust his claims with the state courts. *See e.g. Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III.  ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to show cause [Dkt. # 3] is **DENIED.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 24, 2015, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to the federal court to pursue habeas corpus relief **within thirty (30) days** of the completion of his state post-conviction proceedings.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

                                                       s/Paul D. Borman  
                                                       PAUL D. BORMAN  
DATED: April 18, 2016                      UNITED STATES DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 18, 2016.

                                                       s/Deborah Tofil  
                                                     Case Manager