**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICKY SCOTT,

    Petitioner,                                         CASE NO. 2:15-CV-13095
                                                         HONORABLE PAUL D. BORMAN
v.                                                   UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS, THE MOTION FOR DISCOVERY, AND THE MOTION FOR THE APPOINTMENT OF COUNSEL

On April 18, 2016, this Court summarily dismissed petitioner's habeas application without prejudice on the ground that petitioner failed to exhaust several of his claims with the state courts. The Court also denied petitioner a certificate of appealability or leave to appeal *in forma pauperis*. *Scott v. Woods*, No. 2:15-CV-13095, 2016 WL 1554934 (E.D. Mich. Apr. 18, 2016).

Petitioner has now sent a letter to the Court, in which he moves this Court to review the issues that he filed in his habeas petition. The Court construes petitioner's letter as a motion to reinstate the petition for writ of habeas corpus. Petitioner has also filed motions for discovery and for the appointment of counsel. For the reasons that follow, the motions are DENIED.

In his motion to reinstate the petition, petitioner asks this Court to review the issues raised in his petition. Petitioner further claims that exceptional circumstances exist that would justify the adjudication of his petition in spite of the fact that petitioner acknowledges that his claims are still unexhausted.

This Court is without the power to reinstate petitioner's original habeas petition that had previously been filed before this Court. This Court did not retain jurisdiction over petitioner's first habeas petition which was dismissed without prejudice based upon petitioner's failure to exhaust his claims with the state courts, in the absence of any express retention of jurisdiction over the first petition. *See Lefkowitz v. Fair*, 816 F.2d 17, 21 (1st Cir. 1987). Because this Court did not expressly retain jurisdiction over the first petition, this Court will deny petitioner's motion to reinstate the original habeas petition to the Court's active docket. *See Wilson v. Warren,* 06-CV-15508; 2008 WL 5273633, p. 1 (E.D. Mich. Dec. 17, 2008). The denial of the motion is without prejudice to petitioner filing a petition for writ of habeas corpus with the federal district court under a new case number.

Moreover, to the extent that petitioner's motion could be construed as a motion for reconsideration of the Court's opinion and order of summary dismissal based upon petitioner's failure to exhaust his claims, he would not be entitled to relief.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Petitioner's motion for reconsideration will be denied. Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed petitioner's habeas application based on petitioner's failure to exhaust his claims with the state courts. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The Court denies petitioner's motion for discovery because several of his claims have not yet been exhausted with the state courts. *See Calderon v. United States Dist. Ct.,* 120 F.3d 927, 928 (9th Cir. 1997)(until petitioner filed federal habeas corpus petition on exhausted claim, he could not avail himself of discovery); *Calderon v. U.S. Dist. Court for the Northern Dist. of California,* 98 F.3d 1102, 1106 (9th Cir. 1996)("any right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition").

The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). In light of the fact that petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 F. App'x. 559, 561 (7th Cir. 2008).

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motion to reopen the petition for writ of habeas corpus [Dkt. # 17] is **DENIED** without prejudice to petitioner filing a

petition for writ of habeas corpus with the federal district court under a new case number. The motion for discovery [Dkt. # 18] and the motion for the appointment of counsel [Dkt. # 19] are **DENIED.**

**SO ORDERED.**

                                         s/Paul D. Borman
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: November 21, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2016.

                                         s/Deborah Tofil
                                         Case Manager